### In re HOUDLETTE et al.

(*Circuit Court, D. Massachusetts.* December 12, 1891.)

CUSTOMS DUTIES—CLASSIFICATION—SUFFICIENCY OF PROTEST.
The collector classified certain "shank steel," used in the manufacture of boots and shoes, under paragraph 146 of the tariff act of October 1, 1890, and also imposed an additional duty of one-quarter of a cent per pound on the goods, as "cold-rolled" steel, under paragraph 152. The importer protested against the additional duty, and on appeal the board of general appraisers held that the original classification was wrong, and that the goods should have been entered under paragraph 140, as "other steel," etc. They also found that they were not subject to the additional duty, but that the protest was insufficient, because it failed to point out the proper classification. *Held* that, as the objection was made only to the additional duty, and not to the original classification, the importer was not bound to point out the error in the latter, and the protest was sufficient.

Petition of F. A. Houdlette & Co. to review a decision of the board of general appraisers as to the classification of certain imports. Reversed.

*J. P. Tucker*, for petitioners.

*Henry A. Wyman*, Asst. U. S. Dist. Atty., for collector.

COLT, J. This is a petition to review a decision of the board of general appraisers. Act June 10, 1890, § 15. The importation in question is known as "shank steel," and is used in the manufacture of boots and shoes. The question for review by this court is raised under the third assignment of error in the petition, and relates to the sufficiency of the protest.

It is admitted that the subject of importation is steel, in form or shape three to four inches wide, fifty to sixty feet in length, thinner than No. 20 wire gauge, cold rolled, and valued at three cents or less per pound. The collector classified the import under that clause in paragraph 146 of the act of October 1, 1890, which provides for "steel in all forms and shapes not specially provided for in this act;" and it being of a value above two and two-tenths cents, and not above three cents, per pound, it was held subject to a duty of one and two-tenths cents per pound. The collector also imposed an additional duty of one-fourth of one cent per pound, under paragraph 152 of said act, which provides that on "all iron or steel bars or rods, of whatever shape or section, which are cold rolled, * * * there shall be paid one-fourth of one cent per pound in addition to the rates provided in this act." The importers duly protested against the imposition of this additional rate, upon the ground that the import was not steel in "bars or rods," within the commercial or any known understanding or application of these

words. Upon appeal to the board of general appraisers, they decided that the collector's assessment of one and two-tenths cents per pound was wrong, and that the article should have been assessed at one and three-tenths cents per pound, under paragraph 140 of said act, which provides for "other steel" valued at three cents per pound or less, eight inches or less in width, and thinner than No. 20 wire gauge. The board also found as a fact that the merchandise in question was not iron or steel bars or rods which are cold rolled, cold hammered, or polished in any way, in addition to the ordinary process of hot rolling or hammering; and therefore they decided that it was not subject to the additional duty provided for in paragraph 152 of said act. While the board decided, in favor of the petitioners, that the import was not subject to the additional duty imposed by the collector, they overruled the protest on the ground of insufficiency. They say, in substance, that, the protestants having failed to specify the proper paragraph under which their merchandise should be classed, and also having erred by claiming that the same was subject to a less rate of duty than that provided by law, the protest must be overruled.

It does not seem to me that this is a fair construction of the protest. The whole scope of the protest was simply an objection to the imposition by the collector of the additional duty under paragraph 152 of the tariff act. The protest says: "It is against the assessment of this one-fourth of a cent per pound that we object." The petitioners, in their protest, did not undertake to say whether or not the collector was right in his assessment of one and two-tenths cents per pound under paragraph 146. From all that appears, they were content with that assessment. Under these circumstances, I do not think it was the duty of the petitioners to point out in their protest that the merchandise was dutiable under paragraph 140, instead of paragraph 146. They were only seeking to have the additional duty assessed by the collector under paragraph 152 corrected, and this was the sole object of the protest. Paragraph 152 is entirely distinct from paragraph 146, and all the petitioners claimed was that paragraph 152 had no application to the merchandise in question. I know of no statute or rule of law, as applied to the construction of protests, which requires the importer, in a protest of this character, where two distinct duties are imposed, and the importer objects to one, to point out specifically the paragraph under which the merchandise should be classed. I am of opinion that the protest was properly drawn, and that it stated with clearness and accuracy the contention of the importer, and that it should not have been overruled on the ground of insufficiency. *Schell* v. *Fauché*, 138 U. S. 562, 11 Sup. Ct. Rep. 376. In this particular, therefore, the decision of the board is reversed, and the petitioners are entitled to judgment for the difference between the amount of duties assessed by the collector and an assessment of one and three-tenths cents per pound under paragraph 140 of the act of October 1, 1890; and it is so ordered.